**In the Matter of R.P., a Juvenile, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–87–00588–CV.**

Court of Appeals of Texas, San Antonio.

Sept. 28, 1988.

Mark Stevens, San Antonio, for appellant.

Fred G. Rodriguez, Carmen Kelsey, Daniel Thornberry, Criminal Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from an order of a juvenile court waiving its exclusive jurisdiction and transferring a juvenile to the district court for criminal proceedings as an adult. We reverse.

After a hearing held on September 17, 1987, pursuant to the provisions of TEX. FAM.CODE § 54.02, the court granted the State's petition for discretionary transfer and waiver of jurisdiction. In this appeal appellant presents us with three points of error.

■ However, our examination of the record reveals fundamental error in the order of the juvenile court waiving its jurisdiction and transferring appellant to the district court for criminal proceedings. There is no finding in the court's order that after full investigation and hearing the court determined that there is probable cause to believe that appellant committed the offense alleged in the State's petition for waiver of jurisdiction and discretionary transfer. The finding is one of the three requirements of § 54.02(a) which must be met before the juvenile court can waive its exclusive jurisdiction. Subsection (a)(3) of § 54.02 reads as follows:

(a) The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:

\* \* \* \* \* \*

(3) after full investigation and hearing the juvenile court determines that *there is probable cause to believe that the child before the court committed the offense alleged and that* because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings. (Emphasis ours).

TEX.FAM.CODE § 54.02(a)(3) (Vernon Supp.1988).

Former § 54.02(a)(3) did not require a finding that "there is probable cause to believe that the child before the court committed the offense alleged." This language was inserted by Acts 1987, 70th Leg., ch. 140, §§ 1 to 3, eff. Sept. 1, 1987. Section 5 of the 1987 Amendatory Act further provided:

This Act applies to a transfer to a district court under Section 54.02, Family Code, that occurs on or after the effective date of this Act....

It is undisputed that the transfer in the case before us occurred after the effective date of the Amendatory Act.

■ We have jurisdiction to declare void the order of the court even though no point of error on this ground has been assigned. *Cf. Carter v. State,* 656 S.W.2d 468 (Tex. Crim.App.1983).

The order of the juvenile court waiving jurisdiction and transferring appellant to district court is reversed and this cause is remanded to the juvenile court for further proceedings.