884 S.W.2d 562 (1994)
In the Matter of C.M., a Juvenile
v.
STATE of Texas.
No. 04-94-00280-CV.
Court of Appeals of Texas, San Antonio.
September 21, 1994.
*563 Ronald A. Ortman, San Antonio, for appellant.
Steven C. Hilbig, Crim. Dist. Atty., Edward F. Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for appellee.
Before CHAPA, C.J., and RICKHOFF and STONE, JJ.

OPINION
STONE, Justice.
Appellant appeals the trial court's order certifying him to be tried as an adult for the offense of intentionally and knowingly causing the death of Rogelio Garcia, Jr. by shooting him with a firearm in violation of Tex.Penal Code Ann. § 19.02 (Vernon 1994). We affirm.
On January 13, 1994, at approximately 11:00 p.m., Appellant and a friend were walking through the Alazan-Apache Courts, a public housing project in San Antonio, when they came across Garcia and others spray painting graffiti on a wall. According to Appellant's voluntary confession, which was before the trial court, the following events transpired: Appellant and Garcia belonged to rival gangs. Garcia and his friends were "tagging" the walls with the symbol of their gang. Garcia was a known inhalant abuser and was high on paint fumes that night. The record reveals that Garcia had assaulted Appellant one week before. Appellant asked Garcia why he was "tagging" the walls. According to Appellant, Garcia approached Appellant, grabbed his jacket, pushed him on the ground, and the two began fighting. Although both boys were 15 years old, Garcia weighed almost twice as much as Appellant. Appellant pulled out a .25 semi-automatic and shot approximately five times toward Garcia, striking him twice. EMS was called, but Garcia died later at the hospital.
At the time of Appellant's arrest, police discovered two other guns (which were not the murder weapon) in a shed behind the house. Because Appellant has not yet had his day in court to determine guilt or innocence, we are reluctant to detail the evidence which the State presented to the trial judge. We have reviewed the record, however, and find that the State presented sufficient evidence from which the trial court could make its ruling.
When the factual sufficiency of a transfer is challenged, the reviewing court must consider all of the evidence to determine if the finding is so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. In re A.T.S. v. State, 694 S.W.2d 252, 253 (Tex. App.Fort Worth 1985, writ dism'd). The trial judge is the sole fact finder in a pre-trial hearing and its ruling will not be overturned absent an abuse of discretion. Freeman v. State, 723 S.W.2d 727, 733 (Tex.Crim.App. 1986); In re D.W.L., 828 S.W.2d 520, 525 (Tex.App.Houston [14th Dist.] 1992, no writ).
The trial judge ordered clinical psychologist James O. Sherman to conduct a psychological study, and juvenile probation officer Melissa Guadarrama to conduct a diagnostic study and social evaluation of Appellant and the surrounding circumstances. Dr. Sherman testified that Appellant knows the difference between right and wrong and understands the consequences of his behavior. Both Dr. Sherman and Ms. Guadarrama testified that Appellant would have a better chance of rehabilitation in the juvenile system.
*564 The requirements for transferring a case from juvenile court to the district court are:
(1) the child is alleged to have violated a penal law of the grade of felony;
(2) the child was 15 years of age or older at the time he is alleged to have committed the offense and no adjudication hearing has been conducted concerning that offense; and
(3) after full investigation and hearing the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings.
Tex.Fam.Code Ann. § 54.02(a) (Vernon Supp. 1994) (emphasis added).
In making the transfer determination, the trial court appropriately considered the factors set forth in section 54.02(f) of the Family Code, and made the following findings of fact:
(1) the offense was against a person;
(2) the offense was committed in an aggressive and premeditated matter; and
(3) there was sufficient evidence upon which a grand jury could be expected to return an indictment;
(4) Appellant was sufficiently mature and sophisticated to confer with his attorney and assist with his own defense;
(5) there were no prior offenses;
(6) it was unclear whether the public would be adequately protected if Appellant were not transferred to criminal district court.
See TEX.FAM.CODE ANN. § 54.02(f) (Vernon 1986). Most importantly, the trial court found that "because of the seriousness of the offense the welfare of the community" required transfer.
Appellant argues that the trial court abused its discretion in ordering the transfer because both the psychologist and the probation officer testified that Appellant was a good candidate for rehabilitation and would probably have a better chance at being reformed in the juvenile system. It is uncontroverted that the first two elements of section 54.02(a) are established, but Appellant argues that the offense committed was juvenile and a thoughtless act of passion rather than a serious offense as contemplated by section 54.02(a)(3). Appellant therefore argues that the order of transfer was an abuse of discretion.
The arguments advanced by Appellant are more appropriately made to the trial court. We cannot sit as the fact finder. The trial judge is free to decide to transfer the case due to the seriousness of the crime, even if the background of the child suggests the opposite. In re C.C.G., 805 S.W.2d 10, 15-16 (Tex.App.Tyler 1991, writ denied); In re A.T.S., 694 S.W.2d at 254; In re E.D.N., 635 S.W.2d 798, 800 (Tex.App.Corpus Christi 1982, no writ). Although the trial judge must consider the factors listed in section 54.02(f), an affirmative finding on each factor is not required. Moore v. State, 713 S.W.2d 766, 768 (Tex.App.Houston [14th Dist.] 1986, no writ); In re J.S., 602 S.W.2d 585, 589 (Tex.App.Amarillo 1980, no writ). In the instant case the record justifies the trial court's fact findings supporting transfer to criminal court.
We recognize that the Legislature has indicated the public policy of this state favors programs of treatment, training and rehabilitation for juvenile offenders. Tex.Fam.Code Ann. § 51.01 (Vernon 1986). While we are mindful of the need to rehabilitate juveniles, the trial court considered this factor and yet decided that the other factors weighed more heavily in this case. It was within its discretion to do so. There was sufficient evidence for the trial court to decide that this matter would be better handled in the criminal courts.
Appellant's sole point of error is overruled. The judgment of the trial court is affirmed.