**In the Matter of K.B.H.**

No. 06–95–00022–CV.

Court of Appeals of Texas,
Texarkana.

Nov. 2, 1995.

Rehearing Overruled Dec. 12, 1995.

 

Lew Dunn, Longview, for appellant.

Dana Bland, Assistant District Attorney, Longview, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

K.B.H., sixteen, appeals from an order certifying him to stand trial as an adult on a murder charge. He contends that the trial court erred in allowing the State to present witnesses it did not list in discovery. He also contends that the trial court abused its discretion in waiving jurisdiction and transferring the case to criminal court because no evidence supported the order under Section

54.02(d) or (f)(6) of the Family Code;[1] because the court did not find, as required by Section 54.02(a)(3) of the Family Code, that his background required criminal proceedings; and because no evidence supported the finding under Section 54.02(a)(1) of the Family Code that the offense was a felony. We affirm the trial court's judgment.

K.B.H. was taken into custody September 12, 1994, at his Longview high school in connection with the July 10 shooting death of Taylor Lee Brent. While in custody, K.B.H. gave sheriff's investigators a statement in which he said that on the night of the shooting he was riding in a van driven by his brother and that he took a 9mm semiautomatic pistol from beneath the seat and began shooting at a pickup truck on FM 1845. He gave no reason for the shooting. After the incident, he went home, but returned to the scene later that evening and saw the police cars there. He said that after hearing news reports later, "I realized that I had killed the boy in the truck." He said he told some friends about the shooting and that others also knew, including his brother and his cousin, Damon Andra "Tootie" Wright, who had been a passenger in the van.

K.B.H. was detained until December 19, when the district court, after a hearing, waived its juvenile jurisdiction and transferred K.B.H. to criminal court for trial as an adult. The court filed its findings of fact and conclusions of law on February 1, 1995.

■ K.B.H. contends that the trial court erred in permitting witnesses to testify when they were not listed as fact or expert witnesses by the State in its discovery responses.

After the State filed its petition for transfer, K.B.H. filed interrogatories and requests for production and a motion to suppress his confession. He sought to discover the name of each person having knowledge of relevant facts and the name of each expert the State might call as a witness.

In its discovery responses, the State referred K.B.H. to previously provided offense reports, witness statements, the report of a psychologist, Dr. Ethel Hetrick, and lab reports for its fact witnesses. For expert witnesses, the State said that at the time of answering the interrogatory, it did not intend to call any expert witnesses at trial.

■ At trial, the State called Linda Williams, K.B.H.'s juvenile probation officer, and Aris Johnson, county probation department casework supervisor. The court had ordered Williams, pursuant to Section 54.02(d), to prepare a social evaluation and full investigation of the child and his circumstances. Williams testified about her evaluation and investigation. Johnson testified about possibilities for state facilities handling K.B.H. as a juvenile as opposed to handling him as an adult, a fact the court must consider pursuant to Section 54.02(f)(6). K.B.H. argues he was entitled to the witnesses' names under the provisions of Tex.R.Civ.P. 166b. Failure to disclose pursuant to Rule 166b ordinarily results in loss of the right to produce the nondisclosed evidence or witness, unless good cause for the failure is shown.

■ The Rules of Civil Procedure govern juvenile cases so far as practicable. Tex. Fam.Code Ann. § 51.17 (Vernon 1986); see Brenan v. Court of Civil Appeals, Fourteenth Dist., 444 S.W.2d 290, 292 (Tex.1968). A discretionary transfer hearing under the Family Code, however, is informal and is not subject to the rigid rules required for a trial on the merits. In re Honsaker, 539 S.W.2d 198, 201 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.).

When K.B.H. objected to Williams's testimony, the court noted that Williams had been K.B.H.'s probation officer since his original detention, that she was present at about a dozen of K.B.H.'s detention hearings, and that K.B.H. should not have been surprised by her testimony. Moreover, the court said it had orally ordered her to prepare the social evaluation required by Section 54.02(d).

Section 54.02(e) allows the court to consider a probation officer's written report. Any complaint that the State improperly introduced the social evaluation through Williams

---

1. Tex.Fam.Code Ann. § 54.02 (Vernon 1986 & Supp.1995).

is misplaced because the court could consider her report even if the State had not formally offered it into evidence. *L.M. v. State*, 618 S.W.2d 808, 812 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.).

 The Family Code and the cases do not specify in what respect the trial court may relax its adherence to the civil procedure rules. It does not seem improper in a nonadversarial hearing for the court to hear the probation officials' testimony, especially where such testimony would not constitute surprise. In discretionary transfer hearings, the court can consider hearsay, officer reports, witness affidavits, and the child's statement to investigators without considering their technical admissibility. *In re P.A.C.*, 562 S.W.2d 913, 915–16 (Tex.Civ. App.—Amarillo 1978, no writ). The child also has no Sixth Amendment right to confrontation in a transfer hearing. *In re R.G.S.*, 575 S.W.2d 113, 116–19 (Tex.Civ. App.—Eastland 1978, writ ref'd n.r.e.), *cert. denied*, 445 U.S. 956, 100 S.Ct. 1639, 64 L.Ed.2d 231 (1980). We conclude that, in these circumstances, it was not error to allow Williams's and Johnson's testimony.

 K.B.H. also contends that the trial court abused its discretion in waiving jurisdiction and transferring the case to criminal court because no evidence supported the order under Section 54.02(d) or 54.02(f)(6).

K.B.H. argues that the State improperly introduced the social evaluation and investigation through Williams, and that without this report no evidence would have supported the court's required determination pursuant to Section 54.02(d). He further argues that without Johnson's improper testimony, the court would have no evidence about the procedures, services, and facilities available to

the juvenile court, which Section 54.02(f)(6) requires the court to consider.

A juvenile court may waive its exclusive original jurisdiction and transfer a child to a district court for criminal proceedings if: (1) the State alleges the child has committed a felony, (2) the child was at least fifteen years old at the time of the incident and no court has held an adjudication hearing, *and* (3) after a full investigation and hearing, the court finds probable cause to believe that the juvenile committed the offense and that because of the crime's seriousness *or* the child's background, the community's welfare requires criminal proceedings. TEX.FAM.CODE ANN. § 54.02(a).

Before the hearing, the court shall order and obtain a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense. TEX.FAM.CODE ANN. § 54.02(d).

In making its determination, the court shall consider, among other matters, the prospect of the public's adequate protection and the likelihood of the child's rehabilitation by use of procedures, services, and facilities available to the juvenile court. TEX.FAM. CODE ANN. § 54.02(f)(6).[2]

 The court must determine whether it is in the best interest of the child and of society to retain jurisdiction or to transfer the child to district court for adult criminal proceedings. *In re M.D.B.*, 757 S.W.2d 415, 417 (Tex.App.—Houston [14th Dist.] 1988, no writ). A juvenile transfer proceeding is not a trial on the merits. *In re P.A.C.*, 562 S.W.2d at 915.

 The question for an appellate court reviewing a trial court's decision in a Section 54.02 proceeding is whether the trial

---

2. Section 54.02(f) reads:

(f) In making the determination required by Subsection (a) of this section, the court shall consider, among other matters:
(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;
(2) whether the alleged offense was committed in an aggressive and premeditated manner;

(3) whether there is evidence on which a grand jury may be expected to return an indictment;
(4) the sophistication and maturity of the child;
(5) the record and previous history of the child; and
(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

court abused its discretion in certifying the child to be tried as an adult for the alleged crime. *D.J.R. v. State,* 565 S.W.2d 392, 395 (Tex.Civ.App.—Fort Worth 1978, no writ). Under an abuse of discretion standard, the legal sufficiency of the evidence is not an independent ground of error, but is a relevant factor in assessing whether the trial court abused its discretion. *In re Pecht,* 874 S.W.2d 797, 800 (Tex.App.—Texarkana 1994, no writ). In reviewing a "no evidence" point, a reviewing court considers only the evidence and inferences that, when viewed in their most favorable light, tend to support the finding and disregards all contrary evidence and inferences. *Davis v. City of San Antonio,* 752 S.W.2d 518, 522 (Tex.1988).

The court had Williams's report, made pursuant to Section 54.02(d), which the court could consider even if the State had not formally offered it into evidence. Section 54.02(f)(6) required the court to consider Johnson's testimony about the procedures, services, and facilities available to the juvenile court. K.B.H. does not argue that Williams's and Johnson's testimony was factually insufficient, only that the court improperly heard their testimony.

Williams testified that, based on a psychological evaluation performed by Hetrick which indicated that K.B.H. knew right from wrong and had the intellectual maturity and functioning behavioral development for a child his age, K.B.H. could help his attorney in his defense. She also testified she felt K.B.H. could understand the proceedings. Johnson described some of the juvenile justice facilities available for K.B.H. He offered an opinion that the Texas Youth Commission facilities available to the court were inadequate to rehabilitate a sixteen-year-old who committed murder.

We find sufficient competent evidence supporting the court's waiver and transfer of the case.

■ K.B.H. also contends that the trial court abused its discretion in transferring the case to criminal court because it did not find or conclude, pursuant to Section 54.02(a)(3), that the child's background required criminal proceedings.

The State in its original petition alleged that "because of the seriousness of the offense(s) *and* the background of the child, the welfare of the community requires that the Juvenile Court waive jurisdiction and have [K.B.H.] transferred to Criminal Court" (emphasis added). The Family Code speaks in the disjunctive and requires the court to determine whether the community's welfare requires criminal proceedings because of the seriousness of the offense *or* because of the child's background. Tex.Fam.Code Ann. § 54.02(a)(3). The court in its findings of fact and conclusions of law concluded: "Based on the seriousness of the offense, the welfare of the community requires that these proceedings proceed in criminal court." K.B.H. argues that although the statute is phrased in the disjunctive, because the State submitted its petition in the conjunctive, that is, alleged both the seriousness of the crime *and* the child's background required criminal proceedings, it must prove both.

In the case of *In re L.G.,* 728 S.W.2d 939, 944 (Tex.App.—Austin 1987, writ ref'd n.r.e.), a juvenile discretionary transfer proceeding, the court found that the trial court did not err where the State in its original petition alleged the juvenile "intentionally *and* knowingly" possessed cocaine and the court submitted the jury question in the disjunctive. The court relied on *Zanghetti v. State,* 618 S.W.2d 383, 388 (Tex.Crim.App. [Panel Op.] 1981), an adult criminal proceeding in which the reviewing court found no error where the trial court overruled an objection that the indictment alleged that the offense was committed "intentionally *and* knowingly" and court instructed the jury to find the defendant guilty if he acted "intentionally *or* knowingly" (emphasis added).

When the State in its original petition asked the juvenile court to waive jurisdiction because of the child's background *and* the crime's seriousness, the trial court did not abuse its discretion by waiving jurisdiction by finding the community's welfare required transfer because of the crime's seriousness alone.

■ K.B.H. further contends that no evidence supported the court's finding under Section 54.02(a)(1) that he had the required

culpable mental state to commit the offense alleged. In this connection, he alleges that the State produced no evidence that he caused the death of an individual "intentionally or knowingly." TEX.PENAL CODE ANN. § 19.02(b)(1) (Vernon 1994).

Deputy Captain Mike Claxton testified, "[K.B.H.] did not exactly tell us that he intentionally fired the gun into the back of the truck." In his statement, K.B.H. said, "I put the pistol out my window and started pulling the trigger shooting out of the van window." He further stated that he noticed the "small truck had wrecked. I thought I hit the truck, but was hoping I didn't."

 It is only necessary for the juvenile court to determine if probable cause exists that the child committed the crime. TEX.FAM.CODE ANN. § 54.02(a)(3); *L.M.C. v. State*, 861 S.W.2d 541, 542 (Tex.App.—Houston [14th Dist.] 1993, no writ). The court determines this in a nonadversarial preliminary hearing. *L.M.C. v. State*, 861 S.W.2d at 542. Probable cause consists of sufficient facts and circumstances to warrant a prudent person to believe that the suspect committed the offense. *In re D.W.L.*, 828 S.W.2d 520, 524 (Tex.App.—Houston [14th Dist.] 1992, no writ). The transfer hearing is comparable to a criminal probable-cause hearing. *In re D.W.L., supra.* There, a magistrate decides probable cause in a nonadversarial proceeding based largely on hearsay. This informal procedure is justified not only by the lesser consequences of a probable cause determination, but by the nature of the determination. The court need not resolve evidentiary conflicts beyond a reasonable doubt. *In re D.W.L., supra* (citing *Gerstein v. Pugh*, 420 U.S. 103, 120–21, 95 S.Ct. 854, 866–67, 43 L.Ed.2d 54, 68–70 (1975)). A hearing is a much less searching exploration into the case's merits than a trial because its function is more limited—to determine whether probable cause exists to hold the accused for trial. *In re D.W.L., supra.* The trial court is the sole fact finder in a pretrial hearing and may choose to believe or disbelieve any or all of the witnesses' testimony. *In re D.W.L., supra* at 525.

Claxton testified that K.B.H. told several witnesses he was "going to take care of" an individual riding in the victim's truck. Wright in his affidavit said K.B.H. and Anthony Hodge had fought earlier in the evening and that K.B.H. had said, "Hodge ain't going to make it back to school." K.B.H. later in the van told his brother to follow the victim's truck, in which K.B.H. believed Hodge was riding. Wright told investigators that after K.B.H. shot at the truck, K.B.H. said, "I told you that Hodge wasn't going to make it back to school.... I hope I got Hodge." K.B.H.'s alleged intent to shoot Hodge can be transferred to K.B.H.'s alleged shooting of the victim, Brent. TEX.PENAL CODE ANN. § 6.04(b)(2) (Vernon 1994);[3] *Aguirre v. State*, 732 S.W.2d 320, 323 n. 3 (Tex.Crim.App. [Panel Op.] 1982).

The court could have inferred K.B.H.'s culpable mental state from witnesses' affidavits and testimony. The court did not abuse its discretion in finding probable cause that he committed the offense charged.

The judgment is affirmed.

---

**3.** TEX.PENAL CODE ANN. § 6.04(b)(2) (Vernon 1994) reads:

 (b) A person is nevertheless criminally responsible for causing a result if the only difference between what actually occurred and what he desired, contemplated, or risked is that:

 ....

 (2) a different person or property was injured, harmed, or otherwise affected.