**In the Matter of M.A.V.**

No. 04–01–00533–CV.

Court of Appeals of Texas, San Antonio.

July 24, 2002.

Jose L. Arce, Juan Ramon Flores, Laredo, for Appellant.

Homero Ramirez, Webb County Atty., Enrique Pellegrin, Asst. County Atty., Laradeo, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, CATHERINE STONE, Justice, SANDEE BRYAN MARION, Justice.

Opinion by: CATHERINE STONE, Justice.

This case concerns the State's fourth attempt to certify M.A.V. to stand trial as an adult for crimes he allegedly committed when he was sixteen.[1] M.A.V. is charged with seven counts of capital murder, three counts of murder, eleven counts of burglary, and one count of theft. In three issues, M.A.V. challenges the juvenile court's latest certification and transfer order, claiming: (1) transfer to criminal district court is improper because the juvenile court has already adjudicated him guilty of the alleged offenses; (2) there is legally and factually insufficient evidence to support several of the juvenile court's probable cause findings; and (3) the juvenile court failed to waive its jurisdiction over this matter. We affirm in part, and reverse and render in part.

## A. Double Jeopardy

■ In his first issue, M.A.V. claims the juvenile court is precluded from transfer-ring him to criminal district court because jeopardy has already attached regarding the alleged offenses. *See Breed v. Jones,* 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975). M.A.V. contends jeopardy has attached because the court's transfer order states: "the court finds … [M.A.V.] did violate a penal law …. (the order then cites each penal provision M.A.V. purportedly violated)." We disagree.

■ In *Breed v. Jones,* the State of California filed a petition in juvenile court alleging Breed had committed robbery. *Id.* at 521, 95 S.Ct. 1779. An adjudicatory hearing was held, and the court determined Breed had committed the offense. *Id.* at 521–22, 95 S.Ct. 1779. Shortly thereafter, the court declared Breed "unfit for treatment as a juvenile" and transferred Breed to adult court. *Id.* at 524, 95 S.Ct. 1779. Breed was tried as an adult and, once again, found guilty of robbery. *Id.* at 525, 95 S.Ct. 1779. Breed filed a petition for a writ of habeas corpus in federal district court, alleging his prosecution in adult court subjected him to double jeopardy. *Id.* at 525–26, 95 S.Ct. 1779. The Supreme Court agreed with Breed, holding jeopardy attaches:

at a proceeding whose object is to determine whether he has committed acts that violate a criminal law and whose potential consequences include both the stigma inherent in such a determination and the deprivation of liberty for many years.

*Id.* at 529, 95 S.Ct. 1779. The Court determined jeopardy attaches at the point in a juvenile proceeding where the juvenile is "put to trial before the trier of facts." *Id.* at 531, 95 S.Ct. 1779. The court recognized its holding will require that a decision to transfer a juvenile be made prior to

---

1. Three prior certification and transfer orders were reversed and remanded by this Court.

*See In re M.A.V.,* 40 S.W.3d 581 (Tex.App.-San Antonio 2001, no pet.).

an adjudicatory hearing. *Id.* at 535–36, 95 S.Ct. 1779. However, the Court specifically noted:

> nothing decided today forecloses States from requiring as a prerequisite to the transfer of a juvenile, substantial evidence that he committed the offense charged, so long as the showing required is not made in an adjudicatory proceeding.

*Id.* at 538 n. 18, 95 S.Ct. 1779.

■ *Breed* is distinguishable from the case at bar. Unlike *Breed,* we are not confronted with a situation where the child was adjudicated prior to his transfer. Texas courts have consistently held that a certification and transfer hearing is not an adjudicatory trial because the child's guilt or innocence is not the subject of inquiry. *In re L.R.L.C.,* 693 S.W.2d 552, 553 (Tex. App.-San Antonio 1985, no writ). Rather, the subject of inquiry at such hearing is whether:

> there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense alleged or the background of the child the welfare of the community requires criminal proceedings.

*See* TEX. FAM.CODE ANN. § 54.02(a)(3) (Vernon 1996).

It is clear from the record that Judge Mireles knew the difference between transfer and adjudication, and conducted the proceeding as a transfer hearing. Throughout the proceeding, Judge Mireles repeatedly reminded M.A.V. "this is not your trial" and stressed that "this proceeding was not for determining guilt or innocence." Moreover, Judge Mireles's order specifically states:

> (1) After having been duly appointed … the Honorable Andy Mireles … considered whether there is probable cause to believe … [M.A.V.] committed the offenses listed below.
>
> (2) No adjudication hearing has been conducted to this point concerning the offenses set forth above.
>
> (3) A full investigation and hearing of the child, his circumstances and the circumstances of the offense were conducted by this Court and this Court finds that there is probable cause to believe M.A.V. committed the offenses as charged.
>
> (4) And further, there is probable cause to believe that [M.A.V.] … engaged in delinquent conduct and that further proceedings in the case in the Adult Court are in the best interest of [M.A.V.] and the general public.
>
> (5) No adjudication concerning the alleged offenses has been made and no adjudication hearing concerning the offenses has been conducted.
>
> (6) This Court determines that there is probable cause to believe [M.A.V.] … committed the offenses alleged.

Because Judge Mireles recognized that the only issue to be decided at this hearing was whether he should transfer M.A.V. to criminal district court, we hold M.A.V.'s double jeopardy rights were not violated. M.A.V.'s first issue is therefore overruled.

### B. Erroneous Probable Cause Findings

■ In his second issue, M.A.V. claims there is legally and factually insufficient evidence to support several of the juvenile court's probable cause findings. Specifically, M.A.V. contends there is insufficient evidence to support the court's findings regarding: (1) burglary by entering a habitation and attempting to commit and committing a theft of Daniel Dueñez, Jr.; (2) burglary by entering a habitation and attempting to commit and committing a theft of Ruben Martinez, Jr.; (3) burglary by entering a habitation and attempting

to commit and committing a robbery of Daniel Dueñez, Jr.; and (4) burglary by entering a habitation and attempting to commit and committing a robbery of Ruben Martinez, Jr. We agree.

 When the legal sufficiency of the evidence supporting a certification and transfer order is challenged, we view the evidence in the light most favorable to the court's findings and determine whether there is any evidence to support such findings. *In re J.J.*, 916 S.W.2d 532, 535 (Tex.App.-Dallas 1995, no writ). By contrast, when the factual sufficiency of a certification and transfer order is challenged, we consider all of the evidence to determine if the court's finding is so against the great weight and preponderance of the evidence as to be manifestly unjust.[2] *C.M. v. State*, 884 S.W.2d 562, 563 (Tex.App.-San Antonio 1994, no writ). Absent an abuse of discretion, we will not disturb a juvenile court's findings. *Id.*

 Under section 54.02 of the Texas Family Code, the juvenile court must determine whether probable cause exists to believe the child committed the alleged

offense before certifying the child as an adult. *See* Tex. Fam.Code Ann. § 54.02(a)(3) (Vernon 1996). Probable cause is shown by facts and circumstances sufficient to warrant a prudent person to believe the child committed the alleged offense. *In re A.A.*, 929 S.W.2d 649, 653 (Tex.App.-San Antonio 1996, no writ). "The probable cause standard of proof embraces a practical, common sense approach rather than the more technical standards applied in the burdens of proof of either beyond a reasonable doubt or a preponderance of the evidence." *Id.*

As alleged by the State, a person is criminally responsible for burglary when, without the effective consent of the owner, he enters a habitation and commits or attempts to commit a felony or theft. Tex. Penal Code Ann. § 30.02(a)(3) (Vernon Supp.2002). A person commits "theft" when he unlawfully appropriates property with the intent to deprive the owner of it. Tex. Penal Code Ann. § 31.03(a) (Vernon 1994). A person commits "robbery" when in the course of committing theft and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly,

---

2. Prior to 1995, section 56.01(c)(1)(A) of the Family Code governed a juvenile's right to appeal a juvenile court's order transferring the juvenile to criminal district court. *See* Act of May 23, 1991, 72nd Leg., R.S., ch. 680, § 1, 1991 Tex. Gen. Laws 2466, 2466. Under section 56.01(c)(1)(A), any appeal of a transfer order was to be taken to the court of appeals with possible further review by the supreme court. *See id.* The requirement governing an appeal of the transfer order was "as in civil cases generally." Tex. Fam.Code Ann. § 56.01(b) (Vernon 1996). Accordingly, legal and factual sufficiency review was performed under the standards applicable to civil cases generally. *See e.g. A.T.S. v. State*, 694 S.W.2d 252, 253–54 (Tex.App.-Fort Worth 1985, writ dism'd).

We recognize that the Legislature amended the Family Code and Code of Criminal Procedure in 1995 to permit an appeal of a transfer order only in conjunction with an appeal of

the conviction of the offense for which a juvenile was transferred. *See* Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 48, 1995 Tex. Gen. Laws 2517, 2584. The 1995 legislative change in the law applies to conduct occurring on or after January 1, 1996. *See* Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 106(a), 1995 Tex. Gen. Laws 2517, 2591. Under the new amendments, an appeal of a transfer order is a criminal matter, governed by the Code of Criminal Procedure and the Rules of Appellate Procedure applicable to criminal cases. *See* Tex.Code Crim. Proc. Ann. art. 44.47(c) (Vernon Supp.2002).

Because this case concerns conduct occurring before January 1, 1996, we conducted our review under the standards applicable to civil cases. Nevertheless, were we to apply the standards of review applicable to criminal cases in this instance, our holding would not change.

or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PENAL CODE ANN. § 29.02(a)(1), (2) (Vernon 1994). A person commits a "criminal attempt" if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. TEX. PENAL CODE ANN. § 15.01(a) (Vernon 1994).

Of the eleven counts of burglary with which M.A.V. was charged, three charges were based on the commission of murder, a felony; two charges were based on felony conduct directed toward James Smiley; and two charges were based on felony conduct of theft and robbery, but with no victim identified. M.A.V. does not present evidentiary challenges to any of these seven charges. The remaining four charges contested by M.A.V. charge that he entered a habitation without the effective consent of the owner and "did attempt to commit and committed" theft of Dueñez (Paragraph IXc); theft of Martinez (Paragraph IXd); robbery of Dueñez (Paragraph Xc); and robbery of Martinez (Paragraph Xd). *See* TEX. PENAL CODE ANN. § 30.02(a)(3) (Vernon Supp.2002) (burglary includes entering a building or habitation and committing or attempting to commit a felony, theft, or an assault). Since the State alleged the specific conduct of theft and robbery directed toward two specific individuals, it had the burden to produce evidence of theft and robbery directed toward the two individual victims identified in the petition. *Cf., Roberts v. State,* 513 S.W.2d 870, 871 (Tex.Crim.App.1974) (recognizing all essential averments in an indictment must be proved as alleged).

In this case, there is nothing in the record to indicate that M.A.V. committed or attempted to commit a theft or robbery of either Dueñez or Martinez. At the certification hearing, Officer Jesus Torres, Abdon Ibarra, Ramon Rodriguez, and Officer Norberto Cardenas testified regarding the items allegedly taken by M.A.V. Officer Torres testified he was in charge of M.A.V.'s investigation. According to Torres, his investigation led him to the conclusion that the only items taken on the night in question were a television, watch, and automobile.[3] Torres further testified all of these items belonged to James Smiley.

Abdon Ibarra testified he purchased a television from M.A.V. and was with M.A.V. when M.A.V. abandoned an automobile in Mexico. Ibarra further testified M.A.V. had confessed to murdering the owner of the vehicle, although M.A.V. never specifically stated who the owner was. Ramon Rodriguez testified M.A.V. had confessed to murdering three people for their car. Rodriguez also testified M.A.V. had a television with him when the boys went driving in the stolen vehicle. Lastly, Officer Norberto Cardenas testified the car keys recovered from M.A.V.'s home were the keys to the automobile he abandoned in Mexico.

From this testimony it is evident that the only items taken on the night in question (a watch, television, and automobile) belonged to James Smiley. No items were taken from Dueñez or Martinez. Further, nothing in the record suggests that M.A.V. formed a specific intent to steal a particular article of property from either of these individuals after he entered the residence. *See Flores v. State,* 902 S.W.2d 618, 620 (Tex.App.-Austin 1995, pet. ref'd) (holding

---

**3.** Investigators found Smiley's watch and car keys at M.A.V.'s residence. Smiley's abandoned automobile was found in Nuevo Lare-

do, Mexico. His television was found at the residence of Abdon Ibarra.

evidence was legally insufficient to prove attempted theft where record did not contain any evidence that appellant, after his burglarious entry, formed a specific intent to steal a particular article of property). Because there is legally insufficient evidence to support the juvenile court's probable cause findings regarding the above-referenced offenses, we hold that the juvenile court abused its discretion by not dismissing these causes of action.[4] Therefore, we sustain M.A.V.'s second issue.

### C. Waiver of Jurisdiction

 In his final issue, M.A.V. complains that the juvenile court failed to waive its jurisdiction over this matter because it failed to make a probable cause finding for all of the offenses alleged in the State's amended petition. We disagree.

 We remanded this cause to the juvenile court for a hearing to determine whether the court's written order properly reflected its oral pronouncement at the certification hearing.[5] As with judgments, clerical errors in orders may be corrected. *Wood v. Griffin & Brand of McAllen*, 671 S.W.2d 125, 128 (Tex.App.-Corpus Christi 1984, no writ); *Tex. Emp Ins Ass'n v. Pillow*, 268 S.W.2d 716, 718 (Tex.Civ.App.-Fort Worth 1954, writ ref'd n.r.e.). A court can enter a judgment *nunc pro tunc* to correct a clerical error at any time, even after it has lost jurisdiction over the case. Tex.R. Civ. P. 316; *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex.1986). An error is considered clerical when it is not the result of judicial reasoning. *Wood*, 671 S.W.2d at 128. The determination as to whether an error is clerical in nature is a question of

law, and the trial court's finding in this regard is not binding on an appellate court. *Id.*

After thoroughly reviewing the record, we believe there is evidence to support the juvenile court's finding that its written order contained a clerical error. The court's order appears to duplicate pages three through thirteen of the State's amended petition in their entirety. Page eight of the State's petition contains the final sentences of Paragraph VIIc (capital murder), Paragraph VIIIa (burglary) in its entirety, and the first several sentences of Paragraph VIIIb (burglary). Paragraph 1j of the court's written order appears to combine the beginning of Paragraph VIIc, which appears on page seven of the State's petition, with the remainder of Paragraph VIIIb, which begins on page nine of the State's petition. The order omits any reference to Paragraph VIIIa of the petition and fails to incorporate the parts of Paragraph VIIc and VIIb appearing on page eight of the State's petition. Moreover, at the *nunc pro tunc* hearing, Judge Mireles stated that he: (1) intended to transfer all of the offenses alleged in the State's petition to criminal district court; and (2) had inadvertently omitted from his order the charges found on pages eight and nine of the State's petition. Accordingly, we hold that the juvenile court's omission was the result of a clerical error. M.A.V.'s third issue is overruled.

### Conclusion

Because we hold the evidence is legally insufficient to demonstrate probable cause,

---

**4.** *See In re J.J.*, 916 S.W.2d at 535. In light of the evidence before us, a closer question would be presented had the charge been burglary with intent to commit theft under section 30.02(a)(1) of the Penal Code; however, M.A.V. was not charged under that section of

the statute. *See* Tex. Penal Code Ann. § 30.02(a)(1) (Vernon Supp.2002).

**5.** *See In re M.A.V.*, No. 04–01–00533–CV (Tex. App.-San Antonio Apr. 24, 2002, no pet. h.) (not designated for publication), 2002 WL 662246.

we reverse the juvenile court's order transferring the following offenses and render judgment dismissing these offenses:

(1) burglary by entering a habitation and attempting to commit and committing a theft from Daniel Dueñez, Jr.; (2) burglary by entering a habitation and attempting to commit and committing a theft from Ruben Martinez, Jr.; (3) burglary by entering a habitation and attempting to commit and committing a robbery from Daniel Dueñez, Jr.; and (4) burglary by entering a habitation and attempting to commit and committing a robbery from Ruben Martinez, Jr.

We affirm the remainder of the court's order in all other respects.