In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00057-CR


______________________________




KEITH HIGHTOWER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 71st Judicial District Court


Harrison County, Texas


Trial Court No. 08-0401X




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 After loading her groceries into the back of her vehicle, Lauren Best got into the vehicle and
put her purse down. Keith Hightower, who was sixteen at the time of the offense, walked up
between Best and the open door. Hightower pointed a gun at Best and ordered her to move over. 
Best responded that she could not move over because of the console and started to scream. When
another witness approached Best's vehicle and addressed her by name, Hightower walked away. 

 The State requested that the juvenile court waive its jurisdiction and transfer the case to
district court for Hightower, who had an extensive history of delinquent conduct, to stand trial as an
adult. At the discretionary transfer hearing, Hightower waived his right to a full hearing after being
informed by the juvenile court of his right to cross-examine the State's witnesses and call witnesses
on his own behalf. The State introduced a diagnostic study and the offense report which contained
numerous witness statements. When asked if he had any objection, defense counsel stated, "No
objection." The trial court signed a transfer order which contained fourteen specific findings, but
failed to specifically find there was probable cause to believe Hightower had committed the offense
alleged by the State. 

 After the transfer of Hightower's case to the district court, Hightower was charged by
indictment with the offense of aggravated robbery with a deadly weapon. Hightower waived his
right to a jury trial and entered an open plea of guilty. The trial court found Hightower guilty, found
Hightower had used a deadly weapon in the commission of the offense, and assessed punishment
at fourteen years' imprisonment. On appeal, Hightower's sole point of error is that the juvenile court
erred in transferring the case to district court without finding that there was probable cause to believe
he had committed the offense as alleged. 

 After Hightower had perfected an appeal and the appellate record had been filed, the juvenile
court signed a nunc pro tunc order waiving jurisdiction including the probable cause finding. The
trial court, though, lacked authority to enter a nunc pro tunc order after the appellate record had been
filed. Rule 23.1 of the Texas Rules of Appellate Procedure permits a trial court to correct clerical
mistakes or errors in a judgment or order through entry of a nunc pro tunc judgment "unless the
defendant has appealed." See Tex. R. App. P. 23.1; see State v. Bates, 889 S.W.2d 306, 309 (Tex.
Crim. App. 1994). Once a defendant has filed a notice of appeal and the record has been filed with
the appellate court, the trial court lacks authority to act on the case until it receives the appellate
court's mandate. See Tex. R. App. P. 25.2(g); Green v. State, 906 S.W.2d 937, 939 (Tex. Crim. App.
1995); Jones v. State, 795 S.W.2d 199, 201 (Tex. Crim. App. 1990). Because the trial court lacked
authority to issue the first nunc pro tunc order, this Court abated the appeal and the trial court entered
a second nunc pro tunc order including the probable cause finding. 

 We review a juvenile court's decision in a Section 54.02 proceeding for whether the juvenile
court abused its discretion in certifying the child to be tried as an adult for the alleged crime. In re
K.B.H., 913 S.W.2d 684, 687-88 (Tex. App.--Texarkana 1995, no writ). "A court abuses its
discretion when it acts in an arbitrary or unreasonable manner." Faisst v. State, 105 S.W.3d 8, 12
(Tex. App.--Tyler 2003, no pet.). 

 The Texas Family Code requires a juvenile court to determine there is probable cause to
believe the juvenile has committed the offense alleged in order to waive jurisdiction and order a
discretionary transfer to the district court. See Tex. Fam. Code Ann. § 54.02(a)(3) (Vernon 2008). 
This requirement is mandatory. See R.P. v. State, 759 S.W.2d 181 (Tex. App.--San Antonio 1988,
no writ). "Probable cause consists of sufficient facts and circumstances to warrant a prudent person
to believe that the suspect committed the offense." K.B.H., 913 S.W.2d at 689.

 Similar to judgments, clerical errors in orders may be corrected through a nunc pro tunc
order. In re M.A.V., 88 S.W.3d 327, 333 (Tex. App.--San Antonio 2002, no pet.). A nunc pro tunc
can be issued to correct clerical errors, i.e., an error "'in which no judicial reasoning contributed to
its entry, and for some reason was not entered of record at the proper time.'" State v. Dudley, 223
S.W.3d 717, 721-22 (Tex. App.--Tyler 2007, no pet.) (quoting Bates, 889 S.W.2d at 309). "Nunc
pro tunc orders are not appropriate to address 'judicial errors,' errors that are the product of judicial
reasoning or determination." Id. at 722. A nunc pro tunc order "is improper if it has the effect of
making a new or independent order." Johnson v. State, 233 S.W.3d 420, 426 (Tex. App.--Fort
Worth 2007, pet. ref'd). "A correction can be made to reflect what actually happened at trial by entry
of a nunc pro tunc judgment, 'but correction can be only as to what was done and not as to what
should have been done.'" Id. (quoting Ex parte Dopps, 723 S.W.2d 669, 671 (Tex. Crim. App.
1986)). "The determination of whether an error is judicial or clerical in nature is a question of law." 
Id. 

 In M.A.V., the San Antonio Court of Appeals sua sponte abated the appeal and remanded the
case to the trial court to determine whether the omission of several charges from the transfer order
was a clerical error. M.A.V., 88 S.W.3d at 333. Similarly, in this case, we conclude the failure to
include a probable cause finding was a clerical error. At the hearing on the discretionary transfer,
the juvenile court stated on the record that "[t]he evidence is overwhelming that the State has met
its burden . . . ." (1) Since the error was clerical, the trial court could modify the transfer order with a
nunc pro tunc order to correctly record what actually occurred at the transfer hearing. Since the
failure to include a probable cause finding has been cured, the error complained of on appeal is now
moot. (2) 

 We affirm the judgment of the trial court. 



 Bailey C. Moseley

 Justice


Date Submitted: July 7, 2009

Date Decided: July 10, 2009


Do Not Publish

1. We note the San Antonio Court of Appeals has suggested in an unpublished opinion that an
oral finding of probable cause is sufficient. See Fuentes v. State, No. 04-96-00600-CR, 1997 WL
120191, at *5 (Tex. App.--San Antonio Mar. 19, 1997, no pet.) (not designated for publication)
(citing In re R.A.G., 866 S.W.2d 199, 199 (Tex. 1993)). 
2. We note the State argues the original transfer order is sufficient because it states, "The crime
perpetrated by Respondent . . . ," which implies a finding that the crime was committed by
Hightower. The State argues if the court found an act was committed by a person, it necessarily
follows there is probable cause that the person committed the act. Because we find the nunc pro tunc
order was sufficient, it is not necessary for this Court to consider this argument.