

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-09-00057-CR

_____

KEITH HIGHTOWER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 08-0401X

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

After loading her groceries into the back of her vehicle, Lauren Best got into the vehicle and put her purse down. Keith Hightower, who was sixteen at the time of the offense, walked up between Best and the open door. Hightower pointed a gun at Best and ordered her to move over. Best responded that she could not move over because of the console and started to scream. When another witness approached Best's vehicle and addressed her by name, Hightower walked away.

The State requested that the juvenile court waive its jurisdiction and transfer the case to district court for Hightower, who had an extensive history of delinquent conduct, to stand trial as an adult. At the discretionary transfer hearing, Hightower waived his right to a full hearing after being informed by the juvenile court of his right to cross-examine the State's witnesses and call witnesses on his own behalf. The State introduced a diagnostic study and the offense report which contained numerous witness statements. When asked if he had any objection, defense counsel stated, "No objection." The trial court signed a transfer order which contained fourteen specific findings, but failed to specifically find there was probable cause to believe Hightower had committed the offense alleged by the State.

After the transfer of Hightower's case to the district court, Hightower was charged by indictment with the offense of aggravated robbery with a deadly weapon. Hightower waived his right to a jury trial and entered an open plea of guilty. The trial court found Hightower guilty, found Hightower had used a deadly weapon in the commission of the offense, and assessed punishment

2

at fourteen years' imprisonment. On appeal, Hightower's sole point of error is that the juvenile court erred in transferring the case to district court without finding that there was probable cause to believe he had committed the offense as alleged.

After Hightower had perfected an appeal and the appellate record had been filed, the juvenile court signed a nunc pro tunc order waiving jurisdiction including the probable cause finding. The trial court, though, lacked authority to enter a nunc pro tunc order after the appellate record had been filed. Rule 23.1 of the Texas Rules of Appellate Procedure permits a trial court to correct clerical mistakes or errors in a judgment or order through entry of a nunc pro tunc judgment "unless the defendant has appealed." *See* TEX. R. APP. P. 23.1; *see State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994). Once a defendant has filed a notice of appeal and the record has been filed with the appellate court, the trial court lacks authority to act on the case until it receives the appellate court's mandate. *See* TEX. R. APP. P. 25.2(g); *Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim. App. 1995); *Jones v. State*, 795 S.W.2d 199, 201 (Tex. Crim. App. 1990). Because the trial court lacked authority to issue the first nunc pro tunc order, this Court abated the appeal and the trial court entered a second nunc pro tunc order including the probable cause finding.

We review a juvenile court's decision in a Section 54.02 proceeding for whether the juvenile court abused its discretion in certifying the child to be tried as an adult for the alleged crime. *In re K.B.H.*, 913 S.W.2d 684, 687–88 (Tex. App.—Texarkana 1995, no writ). "A court abuses its

discretion when it acts in an arbitrary or unreasonable manner." *Faisst v. State*, 105 S.W.3d 8, 12 (Tex. App.—Tyler 2003, no pet.).

The Texas Family Code requires a juvenile court to determine there is probable cause to believe the juvenile has committed the offense alleged in order to waive jurisdiction and order a discretionary transfer to the district court. *See* TEX. FAM. CODE ANN. § 54.02(a)(3) (Vernon 2008). This requirement is mandatory. *See R.P. v. State*, 759 S.W.2d 181 (Tex. App.—San Antonio 1988, no writ). "Probable cause consists of sufficient facts and circumstances to warrant a prudent person to believe that the suspect committed the offense." *K.B.H.*, 913 S.W.2d at 689.

Similar to judgments, clerical errors in orders may be corrected through a nunc pro tunc order. *In re M.A.V.*, 88 S.W.3d 327, 333 (Tex. App.—San Antonio 2002, no pet.). A nunc pro tunc can be issued to correct clerical errors, i.e., an error "'in which no judicial reasoning contributed to its entry, and for some reason was not entered of record at the proper time.'" *State v. Dudley*, 223 S.W.3d 717, 721–22 (Tex. App.—Tyler 2007, no pet.) (quoting *Bates*, 889 S.W.2d at 309). "Nunc pro tunc orders are not appropriate to address 'judicial errors,' errors that are the product of judicial reasoning or determination." *Id*. at 722. A nunc pro tunc order "is improper if it has the effect of making a new or independent order." *Johnson v. State*, 233 S.W.3d 420, 426 (Tex. App.—Fort Worth 2007, pet. ref'd). "A correction can be made to reflect what actually happened at trial by entry of a nunc pro tunc judgment, 'but correction can be only as to what was done and not as to what should have been done.'" *Id.* (quoting *Ex parte Dopps*, 723 S.W.2d 669, 671 (Tex. Crim. App.

4

1986)). "The determination of whether an error is judicial or clerical in nature is a question of law."

*Id.*

In *M.A.V.*, the San Antonio Court of Appeals sua sponte abated the appeal and remanded the case to the trial court to determine whether the omission of several charges from the transfer order was a clerical error. *M.A.V.*, 88 S.W.3d at 333. Similarly, in this case, we conclude the failure to include a probable cause finding was a clerical error. At the hearing on the discretionary transfer, the juvenile court stated on the record that "[t]he evidence is overwhelming that the State has met its burden . . . ."[1] Since the error was clerical, the trial court could modify the transfer order with a nunc pro tunc order to correctly record what actually occurred at the transfer hearing. Since the

---

[1]We note the San Antonio Court of Appeals has suggested in an unpublished opinion that an oral finding of probable cause is sufficient. *See Fuentes v. State,* No. 04-96-00600-CR, 1997 WL 120191, at *5 (Tex. App.—San Antonio Mar. 19, 1997, no pet.) (not designated for publication) (citing *In re R.A.G.*, 866 S.W.2d 199, 199 (Tex. 1993)).

failure to include a probable cause finding has been cured, the error complained of on appeal is now

moot.[2]

We affirm the judgment of the trial court.

Bailey C. Moseley
Justice

Date Submitted:      July 7, 2009
Date Decided:        July 10, 2009

Do Not Publish

---

[2]We note the State argues the original transfer order is sufficient because it states, "The crime perpetrated by Respondent . . . ," which implies a finding that the crime was committed by Hightower. The State argues if the court found an act was committed by a person, it necessarily follows there is probable cause that the person committed the act. Because we find the nunc pro tunc order was sufficient, it is not necessary for this Court to consider this argument.

6