

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00220-CV

**IN THE MATTER OF D.A.C.**

From the 436th Judicial District Court, Bexar County, Texas
Trial Court No. 2023JUV01069
Honorable William Shaw, Judge Presiding

Opinion by:       Beth Watkins, Justice

Sitting:          Rebeca C. Martinez, Chief Justice
                  Luz Elena D. Chapa, Justice
                  Beth Watkins, Justice

Delivered and Filed: December 11, 2024

AFFIRMED

D.A.C. appeals the trial court's order waiving its exclusive juvenile jurisdiction and transferring him to criminal district court for trial on charges of aggravated sexual assault and indecency with a child. We affirm the trial court's order.

### BACKGROUND

On October 31, 2023, when D.A.C. was 21 years old, the State filed an Original Petition for Waiver of Jurisdiction and Discretionary Transfer to Criminal Court alleging that D.A.C. committed the elements of aggravated sexual assault of a child and indecency with a child by contact. The State alleged these offenses occurred in 2017 when D.A.C. was 15 years old. At the hearing, the evidence showed the child complainant did not come forward until 2022—after

D.A.C. turned 18. After conducting the required hearing, the trial court, sitting as a juvenile court, made the necessary statutory findings and signed a transfer order stating its reasons on March 20, 2024. D.A.C. appealed.

## ANALYSIS

### *Standard of Review and Applicable Law*

We apply a two-step standard in reviewing a juvenile court's transfer order to a criminal district court. *In re M.A.C.S.-C.*, No. 04-23-00139-CV, 2024 WL 697095, at *4 (Tex. App.—San Antonio Feb. 21, 2024, pet. denied) (mem. op.). We first review any challenged findings under traditional legal and factual sufficiency standards. *Id*. (describing the well-established sufficiency standards). If the findings are supported by sufficient evidence, we then determine whether the juvenile court abused its discretion—that is, whether it acted "arbitrarily or without reference to any guiding rules and principles"—in waiving its jurisdiction and transferring the case. *Id*.

In relevant part, section 54.02(j) of the Texas Family Code authorizes a juvenile court to waive its exclusive original jurisdiction and transfer a "person" to criminal district court if the juvenile court finds: "(1) the person is 18 years of age or older; (2) the person was: . . . (B) 14 years of age or older and under 17 years of age at the time the person is alleged to have committed . . . a felony of the first degree . . . or (C) 15 years of age or older and under 17 years of age at the time the person is alleged to have committed a felony of the second or third degree . . . ; (3) no adjudication concerning the alleged offense has been made . . . ; and (5) the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged." TEX. FAM. CODE ANN. § 54.02(j)(1)–(3), (5). In addition, subsection (j)(4) requires the State to prove by a preponderance of the evidence that either: "(A) for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday

of the person; or (B) after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because: (i) the state did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of the person; (ii) the person could not be found; or (iii) a previous transfer order was reversed by an appellate court or set aside by a district court." *Id*. § 54.02(j)(4). Section 54.02(j) is "meant to limit the prosecution of an adult for an act he committed as a juvenile if his case could reasonably have been dealt with when he was still a juvenile." *In re M.A.C.S.-C.*, 2024 WL 697095, at *3 (quoting *Moore v. State*, 532 S.W.3d 400, 401 (Tex. Crim. App. 2017)).

### *Application*

In a single issue, D.A.C. argues the trial court abused its discretion in granting the transfer because there is no evidence to support its finding that "for a reason beyond the control of the state it was not practicable to proceed in juvenile court before" he turned 18. *See* TEX. FAM. CODE § 54.02(j)(4)(A). D.A.C. contends there was no testimony at the hearing explaining when the child complainant made her outcry or when the State's investigation began.

We have previously stated that to meet its burden under section 54.02(j)(4)(A), the State must prove that, "for a reason beyond its ability to exercise power or influence, it was not reasonably feasible to proceed in juvenile court before [the juvenile's] eighteenth birthday." *In re M.A.C.S.-C.*, 2024 WL 697095, at *3–4. Here, the investigating officer, San Antonio Police Sergeant Jared Ousley, testified he was first assigned to the investigation in June 2022 and filed the aggravated sexual assault of a child charges in August 2022. It is undisputed that D.A.C. was over the age of 18 at the time Ousley's investigation began.

Further, the probation officer's report filed with the trial court as part of the transfer proceeding states the complainant child and her parents first reported the sexual assault to the

police department on June 3, 2022—again, when D.A.C. was over the age of 18. As the State points out, the Texas Family Code provides that the trial court may consider "written reports from probation officers" during a transfer hearing. TEX. FAM. CODE ANN. § 54.02(e); *see In re K.B.H.*, 913 S.W.2d 684, 686–87 (Tex. App.—Texarkana 1995, no pet.) (juvenile court may consider written reports pursuant to transfer statute even if reports are not formally admitted into evidence).

Because the evidence shows the complainant did not report the offense until after D.A.C.'s eighteenth birthday, legally and factually sufficient evidence supports the trial court's finding that the State did not have the ability to legally proceed on these charges against D.A.C. in juvenile court before he turned 18 years old. We therefore hold the trial court did not abuse its discretion in granting the waiver of jurisdiction and transferring D.A.C. to criminal district court for further proceedings on the criminal charges.

## CONCLUSION

We affirm the trial court's transfer order.

Beth Watkins, Justice