952 S.W.2d 47 (1997)
In the Matter of J.C.C.
No. 04-96-00787-CV.
Court of Appeals of Texas, San Antonio.
July 23, 1997.
*48 Susan A. Edwards, San Antonio, for appellant.
Alan E. Battaglia, Assistant Criminal District Attorney, San Antonio, for appellee.
Before HARDBERGER, C.J., and STONE and GREEN, JJ.
STONE, Justice.
J.C.C. appeals the juvenile court's order certifying him to be tried as an adult.[1] In four points of error, J.C.C. contends the trial court erred in finding the State exercised due diligence in bringing him to trial before his eighteenth birthday. We reverse and remand.

Background
J.C.C. and his twin brother were born on April 26, 1978. On February 21, 1995, when the boys were sixteen years old, they allegedly set fire to a convenience store and adjoining veterinary clinic. In December, J.C.C.'s brother pled true to arson and received "no disposition." Although the State successfully proceeded against J.C.C.'s brother, it did not serve J.C.C. with an adjudication petition until February 14, 1996. See Tex. Fam.Code Ann. § 53.04 (Vernon 1996). The boys' probation officer did not explain why the boys were not served at the same time when they lived together and appeared in court together.
In March 1996, the State filed a certification petition against J.C.C., who was then seventeen years old. See Tex. Fam.Code Ann. § 54.02(a) (Vernon 1996). The State served J.C.C.'s mother in early April, but it did not personally serve J.C.C. until June, almost two months after his eighteenth birthday. At the certification hearing, the probation officer and the assistant district attorney said they had difficulty serving J.C.C. with the certification petition because his family moved during March, he was not home when they dropped by, and his family refused to open the door or say where he might be located. The assistant district attorney noted that the State could have proceeded against J.C.C. on the "regular" petition it had initially filed. The trial court found that the State used due diligence in trying to find *49 and prosecute J.C.C. before his eighteenth birthday.

Discussion
In his first two points of error, J.C.C. challenges the sufficiency of the evidence to support the trial court's finding. In his third and fourth points of error, he contends the court misapplied the applicable law. We review these complaints with the abuse of discretion standard. In the Matter of K.B.H., 913 S.W.2d 684, 687-88 (Tex. App.Texarkana 1995, no writ); In the Matter of C.M., 884 S.W.2d 562, 563 (Tex.App. San Antonio 1994, no writ). In applying this standard, we defer to the trial court's factual determinations while reviewing its legal determinations de novo. Pony Express Courier Corp. v. Morris, 921 S.W.2d 817, 820 (Tex.App.San Antonio 1996, no writ); K.B.H., 913 S.W.2d at 688.
1. Fatal Variance
In his fourth point of error, J.C.C. challenges the trial court's order because it fails to conform to the pleadings. As J.C.C. notes, the State's petition relied on section 54.02(j) of the Family Code, but the trial court rendered judgment under section 54.02(a).
Subsection (a) applies when the State seeks transfer of an individual under eighteen years of age; subsection (j) applies when the individual is eighteen years old or older. In re M.A.V., No. 04-96-00683-CV, slip op. at 2, 1997 WL 362444 (Tex.App.San Antonio, July 2, 1997, n.w.h.); Tex. Fam.Code Ann. §§ 54.02(a), (j) (Vernon 1996). Additionally, subjection (j) permits the juvenile court to waive its jurisdiction when:
(4) the juvenile court finds from a preponderance of the evidence that:
(A) for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person; or
(B) after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because:

(i) the state did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of the person;
(ii) the person could not be found; or
(iii) a previous transfer order was reversed by an appellate court or set aside by a district court; and

(5) the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged.
TEX. FAM.CODE ANN. § 54.02(j) (Vernon 1996) (emphasis added). Subsection (h) requires the court to "state specifically in the order its reasons for waiver." Id. § 54.02(h).
In this case, J.C.C. stipulated to the first three requirements of subsection (j) regarding age and the lack of prior dispositions. After hearing evidence on the contested issues, the trial court orally found "by a preponderance of the evidence that the district attorney could not proceed" with J.C.C.'s prosecution, despite its "due diligence," because "he could not be found." The court also found probable cause to believe J.C.C. committed arson. While these oral findings should have been included in the trial court's written order, Tex. Fam.Code Ann. § 54.02(h) (Vernon 1996), we hold the error harmless because the trial court's findings are unambiguous and clearly identifiable. See In re J.R., 907 S.W.2d 107, 110 (Tex.App.Austin 1995, no writ); Ludwig v. State, 636 S.W.2d 869, 871-72 (Tex.App. Waco 1982, pet. ref'd). Accordingly, we overrule J.C.C.'s fourth point of error.
2. Due Diligence
In his first point of error, J.C.C. contends the trial court erred in finding the State used due diligence in not prosecuting him before his eighteenth birthday. We agree.
The probation officer and assistant district attorney detailed their attempts to serve J.C.C. after the State filed its certification petition in March 1996, but they offered no explanation why the State could not proceed against J.C.C. before it filed its certification petition. Furthermore, the State admitted it could have proceeded against J.C.C. *50 on a regular petition, as it did against his brother. Because there is no evidence to support the trial court's conclusion, it abused its discretion in certifying J.C.C. as an adult and transferring the case to the district court. See McClellan v. State, 742 S.W.2d 655, 656 (Tex.Crim.App.1987) (due diligence not shown when delays are within prosecutor's control); Sessions v. State, 939 S.W.2d 796, 798 (Tex.App.El Paso 1997, no pet. h.) (due diligence not shown by unexplained delays). Accordingly, we sustain J.C.C.'s first point of error.

Conclusion
We reverse the trial court's order and remand the cause to the trial court for further proceedings consistent with this opinion. We find it unnecessary to address J.C.C.'s second and third points of error.
NOTES
[1] Because the alleged offense occurred before January 1, 1996, J.C.C. is entitled to appeal. See Act of May 23, 1991, 72nd Leg., R.S., ch. 680, § 1, 1991 Tex. Gen. Laws 2466, 2466, amended by Act of May 27, 1995, 74th Leg., R.S., ch. 262, §§ 48, 106(b), 1995 Tex. Gen. Laws 2517, 2546, 2591 (section 56.01(c) of the Family Code no longer permits interlocutory appeal of the transfer and certification order).