*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

**MEMORANDUM OPINION**

No. 04-08-00874-CR

Victor **ROSALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2008CR4542
Honorable Carmen Kelsey, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
            Karen Angelini, Justice
            Marialyn Barnard, Justice

Delivered and Filed:   November 4, 2009

AFFIRMED

The sole issue presented in this appeal is whether the juvenile court improperly waived

jurisdiction and transferred the case to a criminal district court. We affirm the trial court's judgment.

In order for a juvenile court to waive its jurisdiction and transfer a case to a criminal district court, various requirements must be met.[1] TEX. FAM. CODE ANN. § 54.02(j) (Vernon 2008). The only requirement the appellant, Victor Rosales, challenges in this appeal is the trial court's finding that the State exercised due diligence in trying to find Rosales so it could proceed against him before his 18th birthday. *Id.* at § 54.02(j)(4)(B)(ii). We review this complaint under an abuse of discretion standard, deferring to the trial court's factual determinations while reviewing its legal determinations *de novo*. *In re J.C.C.*, 952 S.W.2d 47, 49 (Tex. App.—San Antonio 1997, no writ).

The Texas Family Code does not define "due diligence," but courts have interpreted the term to require that parties do more than "simply sit on their rights or duties." *In re N.M.P.*, 969 S.W.2d 95, 100 (Tex. App.—Amarillo 1998, no pet.); *see also Powell v. State*, Nos. 05-07-01078-CR & 05-07-00179-CR, 2009 WL 866194, at *2 (Tex. App.—Dallas Apr. 1, 2009, pet ref'd) (not designated for publication); *Webb v. State*, No. 08-00-00161-CR, 2001 WL 1326894, at *7 (Tex. App.—El Paso Oct. 25, 2001, pet. ref'd) (not designated for publication). Due diligence requires the State to "move

---

[1] Section 54.02(j) provides, in pertinent part, that a juvenile court may waive its exclusive original jurisdiction and transfer a person to the appropriate district court or criminal district court for criminal proceedings if:

(1)     the person is 18 years of age or older;

(2)     the person was:
        ...
        (C)     15 years of age or older and under 17 years of age at the time the person is alleged to have committed a felony of the second or third degree or a state jail felony;

(3)     no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted;

(4)     the juvenile court finds from a preponderance of the evidence that:
        ...
        (B)     after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because:
                ...
                (ii)     the person could not be found;
                ...

(5)     the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged.

TEX. FAM. CODE ANN. § 54.02(j) (Vernon 2008).

ahead" or "be able to reasonably explain delays." *In re N.M.P.*, 969 S.W.2d at 100; *see also Powell*, 2009 WL 866194, at *2; *In re C.B.*, No. 2-05-341-CV, 2006 WL 1791731, at *2 (Tex. App.—Fort Worth June 29, 2006, no pet.) (mem. op.). Due diligence does not, however, require the State to "do everything perceivable and conceivable to avoid delay." *In re N.M.P.*, 969 S.W.2d at 100; *In re C.B.*, 2006 WL 1791731, at *2.

Rosales was accused of sexually assaulting his nine-year-old niece on July 13, 1997. Rosales was sixteen years old at the time of the offense.

Sergeant Charles Campbell was dispatched to the hospital on July 13, 1997, to take the report on the sexual assault case. Sergeant Campbell obtained an address for Rosales from the complainant's mother, who was Rosales's sister. Sergeant Campbell testified that he never went to the address that was given. Sergeant Campbell explained that he was a crisis intervention officer, and he would have given the information he obtained to dispatch who would have given the information to an investigator.

Detective Arturo Cervantes was the investigator assigned to investigate the sexual assault. Detective Cervantes interviewed the complainant on July 28, 1997. At that time, the complainant's mother told Detective Cervantes that Rosales was no longer in the United States but had returned to Mexico. Detective Cervantes testified that the department's standard procedure would be to follow up immediately and try to locate Rosales. Detective Cervantes could not recall the efforts made in Rosales's case, but under standard procedure, officers would conduct surveillance of the areas Rosales was known to frequent or places where family members might live even before the issuance of a warrant. Detective Cervantes had the address for Rosales that was provided by the

complainant's mother and testified it was "one of the addresses that I believe that we were looking at in hopes of finding" Rosales.

The original petition seeking a determinate sentence for aggravated sexual assault and indecency with a child was filed on October 30, 1997. By the time the petition was filed, Rosales was seventeen years old. At that time, Adriana Limon was the probation officer assigned to Rosales's case. On December 8, 1997, Limon spoke with Rosales's aunt who informed her that Rosales had fled to Mexico. The aunt was not identified by name, and the record does not indicate that any follow-up phone calls were made or that anyone went to the aunt's house. Because Limon could not locate Rosales to serve him with the petition, Limon submitted an affidavit requesting an arrest warrant. The affidavit stated that Limon "requested information from [Rosales's] relatives (aunt) as to [Rosales's] address and or a phone number but she did not have any such information."

A warrant was issued for Rosales's arrest on March 31, 1998. Detective Cervantes could not provide the name of a particular officer who went to the address to look for Rosales; however, Detective Cervantes stated that after the warrant was issued for Rosales's arrest, the warrants division would have gone to the address to try to locate Rosales in compliance with mandatory policy. The warrant remained active until Rosales was arrested on March 25, 2006 in Hays County, Texas. Rosales was later released by Hays County after he posted bond.

Traci Geppert, another juvenile probation officer, was assigned the case in July of 2006, after the certification and transfer petition had been filed. Geppert unsuccessfully attempted to contact Rosales using all of the phone numbers on the booking information from Hays County. Two constables from Hays County went to Rosales's physical addresses on three separate occasions but also were unable to locate Rosales. Geppert contacted a few of Rosales's relatives who told her that

Rosales had fled to either Mexico, Buda or Kyle, Texas, or North or South Carolina. As a result, a second warrant was issued for Rosales's arrest. Rosales was arrested on the second warrant on January 31, 2008.

When Geppert interviewed Rosales, he told her he had moved around in the eleven years since the offense occurred, primarily living in Mexico but also living in Austin and South Carolina. Rosales had a wife and three children living in Mexico, and his wife was pregnant with a fourth child. The certification and transfer evaluation report, which was introduced into evidence and reviewed by the trial court, states that Rosales resided in Mexico for the past ten years, but he sporadically visited the United States.

The trial court found that "after due diligence by the State it was not practicable to proceed in juvenile court before the 18th birthday of [Rosales] because [Rosales] could not be found." Rosales's 18th birthday was October 9, 1998.

Based on the evidence presented, the trial court could have believed that Rosales fled to Mexico in July of 1997 immediately after the offense occurred and that his family would not provide the probation department with any contact information. The trial court could also have found that Rosales remained in Mexico from the time of the offense until the time he was arrested with only sporadic visits to the United States. Moreover, the trial court could also have believed that an officer went to the address that had been provided for Rosales when the arrest warrant was issued in March of 1998, but he could not be located. Therefore, deferring to the trial court's factual findings, the trial court did not abuse its discretion in concluding that the State acted with due diligence.

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH