MEMORANDUM OPINION


No. 04-08-00874-CR



Victor ROSALES,


Appellant



v.



The STATE of Texas,


Appellee



From the 289th Judicial District Court, Bexar County, Texas


Trial Court No. 2008CR4542


Honorable Carmen Kelsey, Judge Presiding



Opinion by: Catherine Stone, Chief Justice


Sitting: Catherine Stone, Chief Justice

 Karen Angelini, Justice

 Marialyn Barnard, Justice

 

Delivered and Filed: November 4, 2009


AFFIRMED

 The sole issue presented in this appeal is whether the juvenile court improperly waived
jurisdiction and transferred the case to a criminal district court. We affirm the trial court's judgment.



 In order for a juvenile court to waive its jurisdiction and transfer a case to a criminal district
court, various requirements must be met. (1)
 Tex. Fam. Code Ann. § 54.02(j) (Vernon 2008). The
only requirement the appellant, Victor Rosales, challenges in this appeal is the trial court's finding
that the State exercised due diligence in trying to find Rosales so it could proceed against him before
his 18th birthday. Id. at § 54.02(j)(4)(B)(ii). We review this complaint under an abuse of discretion
standard, deferring to the trial court's factual determinations while reviewing its legal determinations
de novo. In re J.C.C., 952 S.W.2d 47, 49 (Tex. App.--San Antonio 1997, no writ).

 The Texas Family Code does not define "due diligence," but courts have interpreted the term
to require that parties do more than "simply sit on their rights or duties." In re N.M.P., 969 S.W.2d
95, 100 (Tex. App.--Amarillo 1998, no pet.); see also Powell v. State, Nos. 05-07-01078-CR & 05-07-00179-CR, 2009 WL 866194, at *2 (Tex. App.--Dallas Apr. 1, 2009, pet ref'd) (not designated
for publication); Webb v. State, No. 08-00-00161-CR, 2001 WL 1326894, at *7 (Tex. App.--El Paso
Oct. 25, 2001, pet. ref'd) (not designated for publication). Due diligence requires the State to "move
ahead" or "be able to reasonably explain delays." In re N.M.P., 969 S.W.2d at 100; see also Powell,
2009 WL 866194, at *2; In re C.B., No. 2-05-341-CV, 2006 WL 1791731, at *2 (Tex. App.--Fort
Worth June 29, 2006, no pet.) (mem. op.). Due diligence does not, however, require the State to "do
everything perceivable and conceivable to avoid delay." In re N.M.P., 969 S.W.2d at 100; In re
C.B., 2006 WL 1791731, at *2.

 Rosales was accused of sexually assaulting his nine-year-old niece on July 13, 1997. Rosales
was sixteen years old at the time of the offense.

 Sergeant Charles Campbell was dispatched to the hospital on July 13, 1997, to take the report
on the sexual assault case. Sergeant Campbell obtained an address for Rosales from the
complainant's mother, who was Rosales's sister. Sergeant Campbell testified that he never went to
the address that was given. Sergeant Campbell explained that he was a crisis intervention officer,
and he would have given the information he obtained to dispatch who would have given the
information to an investigator.

 Detective Arturo Cervantes was the investigator assigned to investigate the sexual assault. 
Detective Cervantes interviewed the complainant on July 28, 1997. At that time, the complainant's
mother told Detective Cervantes that Rosales was no longer in the United States but had returned
to Mexico. Detective Cervantes testified that the department's standard procedure would be to
follow up immediately and try to locate Rosales. Detective Cervantes could not recall the efforts
made in Rosales's case, but under standard procedure, officers would conduct surveillance of the
areas Rosales was known to frequent or places where family members might live even before the
issuance of a warrant. Detective Cervantes had the address for Rosales that was provided by the
complainant's mother and testified it was "one of the addresses that I believe that we were looking
at in hopes of finding" Rosales. 

 The original petition seeking a determinate sentence for aggravated sexual assault and
indecency with a child was filed on October 30, 1997. By the time the petition was filed, Rosales
was seventeen years old. At that time, Adriana Limon was the probation officer assigned to
Rosales's case. On December 8, 1997, Limon spoke with Rosales's aunt who informed her that
Rosales had fled to Mexico. The aunt was not identified by name, and the record does not indicate
that any follow-up phone calls were made or that anyone went to the aunt's house. Because Limon
could not locate Rosales to serve him with the petition, Limon submitted an affidavit requesting an
arrest warrant. The affidavit stated that Limon "requested information from [Rosales's] relatives
(aunt) as to [Rosales's] address and or a phone number but she did not have any such information."

 A warrant was issued for Rosales's arrest on March 31, 1998. Detective Cervantes could not
provide the name of a particular officer who went to the address to look for Rosales; however,
Detective Cervantes stated that after the warrant was issued for Rosales's arrest, the warrants
division would have gone to the address to try to locate Rosales in compliance with mandatory
policy. The warrant remained active until Rosales was arrested on March 25, 2006 in Hays County,
Texas. Rosales was later released by Hays County after he posted bond.

 Traci Geppert, another juvenile probation officer, was assigned the case in July of 2006, after
the certification and transfer petition had been filed. Geppert unsuccessfully attempted to contact
Rosales using all of the phone numbers on the booking information from Hays County. Two
constables from Hays County went to Rosales's physical addresses on three separate occasions but
also were unable to locate Rosales. Geppert contacted a few of Rosales's relatives who told her that
Rosales had fled to either Mexico, Buda or Kyle, Texas, or North or South Carolina. As a result, a
second warrant was issued for Rosales's arrest. Rosales was arrested on the second warrant on
January 31, 2008.

 When Geppert interviewed Rosales, he told her he had moved around in the eleven years
since the offense occurred, primarily living in Mexico but also living in Austin and South Carolina. 
Rosales had a wife and three children living in Mexico, and his wife was pregnant with a fourth
child. The certification and transfer evaluation report, which was introduced into evidence and
reviewed by the trial court, states that Rosales resided in Mexico for the past ten years, but he
sporadically visited the United States.

 The trial court found that "after due diligence by the State it was not practicable to proceed
in juvenile court before the 18th birthday of [Rosales] because [Rosales] could not be found." 
Rosales's 18th birthday was October 9, 1998.

 Based on the evidence presented, the trial court could have believed that Rosales fled to
Mexico in July of 1997 immediately after the offense occurred and that his family would not provide
the probation department with any contact information. The trial court could also have found that
Rosales remained in Mexico from the time of the offense until the time he was arrested with only
sporadic visits to the United States. Moreover, the trial court could also have believed that an officer
went to the address that had been provided for Rosales when the arrest warrant was issued in March
of 1998, but he could not be located. Therefore, deferring to the trial court's factual findings, the
trial court did not abuse its discretion in concluding that the State acted with due diligence.



 The trial court's judgment is affirmed.


 Catherine Stone, Chief Justice

DO NOT PUBLISH
1. Section 54.02(j) provides, in pertinent part, that a juvenile court may waive its exclusive original
jurisdiction and transfer a person to the appropriate district court or criminal district court for criminal proceedings if:

 (1) the person is 18 years of age or older;

 (2) the person was:

 ...

 (C) 15 years of age or older and under 17 years of age at the time the person is alleged to have
committed a felony of the second or third degree or a state jail felony;

 (3) no adjudication concerning the alleged offense has been made or no adjudication hearing concerning
the offense has been conducted;

 (4) the juvenile court finds from a preponderance of the evidence that:

 ...

 (B) after due diligence of the state it was not practicable to proceed in juvenile court before the
18th birthday of the person because:

 ...

 (ii) the person could not be found;

 ... 

 (5) the juvenile court determines that there is probable cause to believe that the child before the court
committed the offense alleged.

Tex. Fam. Code Ann. § 54.02(j) (Vernon 2008).