Opinion filed July 19, 2012



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00006-CV

_____

## IN THE MATTER OF S.S.S., A JUVENILE

**On Appeal from the County Court at Law No. 2**

**Taylor County, Texas**

**Trial Court Cause No. 4278-J**

### M E M O R A N D U M   O P I N I O N

S.S.S. appeals from a trial before the court in which the trial court adjudicated her guilty of delinquent conduct for possessing cocaine in an amount of four grams or more but less than 200 grams. The trial court committed her to the Texas Juvenile Justice Department until she is nineteen or until she is duly discharged. She contends in a single issue on appeal that the trial court abused its discretion by denying her motion to dismiss, which she filed in this juvenile proceeding, alleging that she is now eighteen years of age and that the State had failed to allege or prove any facts to show that it had exercised due diligence in completing the proceeding before she became eighteen years of age. We affirm.

We review this issue with the abuse of discretion standard. *In re J.C.C.*, 952 S.W.2d 47, 48 (Tex. App.—San Antonio 1997, no pet.). In applying this standard, we defer to the trial court's factual determinations while reviewing its legal determinations de novo. *Id.*

The State's original adjudication petition was filed on June 10, 2010, when S.S.S. was sixteen years of age. The trial court, on September 9, 2010, appointed counsel for S.S.S. based upon an affidavit of indigence filed by her and her mother. On September 30, 2010, the trial court allowed the appointed attorney to withdraw and then appointed new counsel. A disposition hearing date was reset from November 18, 2010, to December 2, 2010, because S.S.S. was not going to be available on that date. The hearing was rescheduled from December 2, 2010, to December 16, 2010, due to an "attorney schedule conflict."

In late October 2010, S.S.S. did not agree to a stipulation of the allegations and requested a trial. The attorney for S.S.S. stated that he would meet with her and her parent to find out if she desired a trial before the court or the jury and that he would inform the juvenile probation department of the decision so that the trial could be set. After one and one-half months, when nothing was heard from S.S.S.'s counsel as to the trial decision, the juvenile department began contacting S.S.S.'s attorney, reminding him of the need to inform the department as to the nature of trial desired by S.S.S. The department continued to contact counsel twice a month until February 16, 2011, when the juvenile department received S.S.S.'s request for a bench trial. The trial that was set for June 27, 2011, was rescheduled to December 5 and 6, 2011, because two material witnesses for the State could not be present. S.S.S. became eighteen years of age on September 23, 2011.

KayLynn Epperson testified at the hearing on the motion to dismiss that she is the deputy chief of juvenile probation services. She indicated that there was a delay in resetting the missed June setting date because of the necessity of working with the judge's schedule, the child's schedule, her counsel's schedule, and the district attorney's schedule. She indicated that the case could not be reset prior to S.S.S.'s eighteenth birthday.

The evidence presented reflects that this cause was set four times prior to S.S.S.'s eighteenth birthday. It was continued for two weeks when S.S.S. could not be present. It was continued an additional two weeks due to an attorney schedule conflict. Trial was delayed for over six months due to defense counsel failing to notify the court as to whether S.S.S. desired a jury trial or bench trial, despite numerous attempts to obtain this information. Finally, the trial

2

was delayed for several months, until after S.S.S.'s birthday, when two material State's witnesses were unavailable for trial. After that continuance, the trial could not be reset prior to S.S.S.'s birthday. We hold that the trial court did not abuse its discretion in denying S.S.S.'s motion to dismiss.

S.S.S.'s contention appears to be that the trial court abused its discretion in denying her motion to dismiss because the trial court abused its discretion in granting the State's motion for continuance in June 2011, due to the State's failure to show due diligence in obtaining the presence of its witnesses for trial in June 2011. The issue before us is not whether the State exercised due diligence in obtaining its witnesses for the scheduled June trial but whether the trial court abused its discretion in denying S.S.S.'s motion to dismiss based upon its finding that the State exercised due diligence in attempting to complete the proceeding before S.S.S. became eighteen. While the State's due diligence in procuring its witnesses for the scheduled June trial might be relevant to this issue, it is not determinative as to whether, overall, the State exercised due diligence in its effort to try S.S.S. before her eighteenth birthday. We overrule S.S.S.'s sole issue on appeal.

The judgment of the trial court is affirmed.

PER CURIAM

July 19, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Hill.[1]

---

[1]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.