Opinion filed July 19,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-12-00006-CV

                                                    __________

 

                          IN
THE MATTER OF S.S.S., A JUVENILE



 

                              On
Appeal from the County Court at Law No. 2

 

                                                            Taylor
County, Texas

 

                                                     Trial
Court Cause No. 4278-J

 



 

                                            M
E M O R A N D U M   O P I N I O N

S.S.S.
appeals from a trial before the court in which the trial court adjudicated her
guilty of delinquent conduct for possessing cocaine in an amount of four grams
or more but less than 200 grams.  The trial court committed her to the Texas
Juvenile Justice Department until she is nineteen or until she is duly
discharged.  She contends in a single issue on appeal that the trial court
abused its discretion by denying her motion to dismiss, which she filed in this
juvenile proceeding, alleging that she is now eighteen years of age and that
the State had failed to allege or prove any facts to show that it had exercised
due diligence in completing the proceeding before she became eighteen years of
age.  We affirm.

We
review this issue with the abuse of discretion standard.  In re J.C.C.,
952 S.W.2d 47, 48 (Tex. App.—San Antonio 1997, no pet.).  In applying this
standard, we defer to the trial court’s factual determinations while reviewing
its legal determinations de novo.  Id.

The
State’s original adjudication petition was filed on June 10, 2010, when S.S.S.
was sixteen years of age.  The trial court, on September 9, 2010, appointed
counsel for S.S.S. based upon an affidavit of indigence filed by her and her
mother.  On September 30, 2010, the trial court allowed the appointed attorney
to withdraw and then appointed new counsel.  A disposition hearing date was
reset from November 18, 2010, to December 2, 2010, because S.S.S. was not going
to be available on that date.  The hearing was
rescheduled from December 2, 2010, to December 16, 2010, due to an “attorney
schedule conflict.”

           In late October 2010, S.S.S. did not agree to a stipulation of
the allegations and requested a trial.  The attorney for S.S.S. stated that he
would meet with her and her parent to find out if she desired a trial before
the court or the jury and that he would inform the juvenile probation
department of the decision so that the trial could be set.  After one and
one-half months, when nothing was heard from S.S.S.’s counsel as to the trial
decision, the juvenile department began contacting S.S.S.’s attorney, reminding
him of the need to inform the department as to the nature of trial desired by S.S.S. 
The department continued to contact counsel twice a month until February 16,
2011, when the juvenile department received S.S.S.’s request for a bench
trial.  The trial that was set for June 27, 2011, was rescheduled to December 5
and 6, 2011, because two material witnesses for the State could not be
present.  S.S.S. became eighteen years of age on September 23, 2011.

KayLynn
Epperson testified at the hearing on the motion to dismiss that she is the
deputy chief of juvenile probation services.  She indicated that there was a
delay in resetting the missed June setting date because of the necessity of
working with the judge’s schedule, the child’s schedule, her counsel’s
schedule, and the district attorney’s schedule.  She indicated that the case
could not be reset prior to S.S.S.’s eighteenth birthday.

The
evidence presented reflects that this cause was set four times prior to
S.S.S.’s eighteenth birthday.  It was continued for two weeks when S.S.S. could
not be present.  It was continued an additional two weeks due to an attorney
schedule conflict.  Trial was delayed for over six months due to defense
counsel failing to notify the court as to whether S.S.S. desired a jury trial
or bench trial, despite numerous attempts to obtain this information.  Finally,
the trial was delayed for several months, until after S.S.S.’s birthday, when
two material State’s witnesses were unavailable for trial.  After that
continuance, the trial could not be reset prior to S.S.S.’s birthday.  We hold
that the trial court did not abuse its discretion in denying S.S.S.’s motion to
dismiss.

S.S.S.’s contention appears to be that the trial court
abused its discretion in denying her motion to dismiss because the trial court
abused its discretion in granting the State’s motion for continuance in June
2011, due to the State’s failure to show due diligence in obtaining the
presence of its witnesses for trial in June 2011.  The issue before us is not
whether the State exercised due diligence in obtaining its witnesses for the
scheduled June trial but whether the trial court abused its discretion in
denying S.S.S.’s motion to dismiss based upon its finding that the State
exercised due diligence in attempting to complete the proceeding before S.S.S.
became eighteen.  While the State’s due diligence in procuring its witnesses
for the scheduled June trial might be relevant to this issue, it is not
determinative as to whether, overall, the State exercised due diligence in its
effort to try S.S.S. before her eighteenth birthday.  We overrule S.S.S.’s sole
issue on appeal.

The judgment of the trial court is affirmed.

 

                                                                                    PER
CURIAM

 

July 19, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Hill.[1]









[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.